United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORD ABBETT MUNICIPAL INCOME FUND, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOANN ASAMI, *et al.*, <br><br> Defendant. <br> _____/ | No. C-12-03694 DMR <br><br> **ORDER ON APRIL 19, 2013 JOINT DISCOVERY LETTER** |

Before the court is the parties' April 19, 2013 joint letter setting forth the parties' discovery dispute regarding Plaintiff Lord Abbett Municipal Income Fund, Inc.'s ("Lord Abbett") subpoena for documents from non-party Windrush School ("Windrush"). [Docket No. 56.] The court held a hearing on May 30, 2013. This order summarizes the rulings made by the court on the record during the May 30, 2013 hearing.

The court finds that student names and other information directly related to identifiable students are not relevant and not discoverable in this matter, whereas certain information about student enrollment at Windrush and Making Waves Academy, unspecific to any individual student, is relevant and discoverable. The court orders the following process for obtaining the relevant discovery. This process is intended to protect student privacy rights as well as guard against the unwarranted expenditure of resources that would outweigh the likely benefit of the discovery. The court grants Plaintiff leave to serve an interrogatory on Windrush seeking the number of students referred to and/or placed at Windrush by the Making Waves Foundation, by

year; and the number of students who left Windrush prior to graduation by year, with the reason for leaving (e.g., to attend the Making Waves Academy), to the extent such information is available. The parties shall meet and confer regarding the relevant time period for the information requested by the interrogatory. Prior to responding to the interrogatory, the parties shall meet and confer and conduct informal discovery and/or depositions to determine the most efficient method of compiling the enrollment information for the purposes of responding to the interrogatory. The parties shall jointly select an attorney and/or paralegal (under the supervision of an attorney) to compile the requested information on behalf of Windrush, the cost of which shall be borne equally by Lord Abbett, the Board Member Defendants, and Defendant Stone & Youngberg.

The parties shall draft and submit a proposed protective order which at a minimum shall cover the production by Windrush of approximately 191,000 documents identified by the parties. The proposed order shall include a provision naming a limited number of party representatives who may view the subset of 18,000 documents that contain student names. The proposed order shall also include a clawback provision regarding the 18,000 documents, as follows: if a party reviews a document containing a student name or names and determines that the document is relevant to the issues in this case, the party shall notify all other parties, and all parties shall immediately return all copies of the document to Windrush for redaction of the student name(s) and any information from which the student could reasonably be identified. No party shall retain copies of unredacted documents that contain student names and/or information from which students could reasonably be identified. The cost of redacting documents in compliance with the protective order on behalf of Windrush shall be borne equally by Lord Abbett, the Board Members, and Stone & Youngberg. The proposed order shall also include a clawback provision regarding the production of privileged documents.

IT IS SO ORDERED.

Dated: May 30, 2013



DONNA M. RYU
United States Magistrate Judge

2