1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10

**United States District Court**
For the Northern District of California

11  LORD ABBETT MUNICIPAL INCOME            No. C-12-03694 DMR
    FUND, INC.,

12                                          **ORDER ON JOINT DISCOVERY**
              Plaintiff,                    **LETTER [DOCKET NO. 91]**

13

          v.

14

    JOANN ASAMI, *et al.*,

15

              Defendants.

16  _____/

17

18          On October 25, 2013, Plaintiff Lord Abbett Municipal Income Fund, Inc. ("Lord Abbett")

19  and Defendants Joann Asami, et al. ("Board Members") filed a joint discovery letter brief setting

20  forth their disputes regarding the potential disclosure of Windrush School's attorney-client

21  privileged information to Lord Abbett and the scope of the court's October 11, 2013 order.  [Docket

22  Nos. 91 (Joint Letter), 84 (Oct. 11 Order).]  The court conducted a hearing on the matter on

23  November 21, 2013.  This order summarizes the rulings made by the court on the record during the

24  hearing.

25                    **I.  Board Members' Request to Stay Discovery**

26          The Board Members first request that the court stay discovery in this matter so that they can

27  conduct discovery on the issue of the potential invasion of the attorney-client privilege by Lord

28  Abbett's former attorney Joshua Franklin during his interview(s) of former Windrush employee

**United States District Court**

For the Northern District of California

1   Enrico Hernandez.  Additionally, the Board Members seek to conduct expedited depositions of

2   Franklin; Hernandez; and the trustee, Virginia Housum; and an order requiring Lord Abbett, non-

3   party Wells Fargo, and their counsel to produce all communications and documents regarding

4   interviews of Windrush's current and former employees.

5          The court has reviewed Franklin's email summary of his interview of Hernandez (Joint

6   Letter Ex. A), and finds that the Board Members have not identified any information revealed by

7   Hernandez that appears to be protected by the attorney-client privilege.  According to Franklin,

8   Hernandez revealed that he met with Windrush's counsel to discuss the school's exposure regarding

9   the bond issuance, but he did not reveal the substance of those communications.  Facts that a

10  meeting with counsel took place and the subject matter of the meeting are not privileged.  *See State*

11  *Farm Fire & Casualty Co. v. Superior Court*, 54 Cal. App. 4th 625, 641 (1997).  The remaining

12  information communicated by Hernandez to Franklin consisted of facts.  "The [attorney-client]

13  privilege only protects disclosure of communications; it does not protect disclosure of the underlying

14  facts by those who communicated with the attorney . . ."  *Upjohn Co. v. United States*, 449 U.S. 383,

15  395 (1981).  On this record, the court does not find evidence that Franklin invaded Windrush and the

16  Board Members' attorney-client privileged information.  Accordingly, the Board Members' request

17  to stay discovery in this matter pending further investigation into Lord Abbett's interview of

18  Windrush's employees is denied. However, the court grants the Board Members leave to take

19  Franklin's deposition to inquire about the information Hernandez provided during his interview(s).

20  Such deposition may not exceed two hours.  The parties shall meet and confer regarding scheduling

21  Franklin's deposition to take place as soon as possible, but the court declines to order that Franklin's

22  deposition take place before any other depositions go forward.

23                       **II.  The Scope of the Court's October 11, 2013 Order**

24         The Board Members next seek further court intervention regarding the scope of the court's

25  October 11, 2013 order denying Lord Abbett and Wells Fargo's claim of attorney-client privilege

26  and the common interest doctrine as to certain documents.  In that order, the court held that the

27  common interest doctrine does not apply to Lord Abbett and Wells Fargo's communications

28  regarding this litigation, and ordered them to immediately produce to the Board Members "all

1   documents withheld on the basis of attorney-client privilege and the common interest doctrine

2   regarding this litigation." (Oct. 11 Order 7, 9.)  The Board Members now seek an order compelling

3   Lord Abbett and Wells Fargo to produce all additional documents withheld on the grounds of

4   attorney-client privilege that are related to the communications for which the court ruled the

5   attorney-client privilege had been waived.  Lord Abbott argues that the Board Members' request is

6   an improper motion for reconsideration of the court's previous order.

7           Neither party briefed the issue of the scope of any waiver of the attorney-client privilege by

8   Lord Abbett and Wells Fargo in the parties' joint letter brief regarding the common interest doctrine.

9   Therefore, that issue was not before the court and the Board Members' present request for a ruling

10  regarding the scope of the waiver is not a request for reconsideration of the court's previous order.

11  However, as this issue has not been briefed in the current joint letter, the Board Members' request

12  for an order compelling the production of additional documents is denied without prejudice.

13

14          IT IS SO ORDERED.

15

16  Dated:  November 25, 2013

17                                                          _____

18                                                          DONNA M. RYU
                                                            United States Magistrate Judge



19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California