United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORD ABBETT MUNICIPAL INCOME FUND, INC.,

    Plaintiff(s),

   v.

JOANN ASAMI,

    Defendant(s).
_____/

No. C-12-03694 DMR

**ORDER ON JOINT LETTER RE RETENTION OF COMPUTERS [DOCKET NO. 312]**

    Plaintiff Lord Abbett and the Windrush Board Member Defendants filed a joint letter regarding 159 computers used at Windrush School prior to its closure that were subsequently turned over to Wells Fargo, the trustee in bankruptcy (the "Windrush computers"). [Docket No. 312.] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and enters the following order.

## I. Background

    The current dispute centers around the parties' preservation obligations regarding the Windrush computers. During this litigation, the computers have been stored at SFL Data (now Discovia) at a cost of $500 per month, with the parties sharing the storage costs. Lord Abbett contends that the Windrush computers do not likely contain any information or evidence relevant to this case. Specifically, shortly after the litigation began, Windrush School's attorney told Lord

1 Abbett that the Windrush computers had been used by students and teachers only – that is, by people
2 who were not likely custodians of information relevant to this lawsuit. At Lord Abbett's request,
3 SFL Data conducted a limited forensic review of a sample of the machines, which confirmed the
4 accuracy of this representation. No party ever sought to search the Windrush computers, nor does it
5 appear that any defendant asked for further information about SFL Data's forensic review.

6 Following the court's July 11, 2014 order granting summary judgment in favor of the Board
7 Member Defendants and partial summary judgment in favor of Defendant Stone & Youngberg, the
8 Board Member Defendants notified Lord Abbett that they would no longer pay their share of the
9 costs to store the Windrush computers. However, the Board Member Defendants refused to consent
10 to Lord Abbett's disposal of the computers on the ground that they may contain relevant information
11 that they may later seek to access. As part of the meet and confer process leading up to this joint
12 letter, Lord Abbett suggested that the Board Member Defendants examine the computers and take
13 any information they wish, but the Board Member Defendants declined. Lord Abbett argues that the
14 cost of continuing to store the computers is burdensome and unnecessary given the remote
15 likelihood that they contain relevant information, and seeks an order permitting disposal of the
16 computers.[1]

17 The Board Member Defendants dispute Lord Abbett's contention that the computers do not
18 contain relevant information. They state that they were not involved with handling the Windrush
19 computers from the outset of this litigation; instead, they were only brought into the process of
20 obtaining data from the computers after Lord Abbett had already started working with SFL Data.
21 Essentially, the Board Member Defendants argue that they do not have a clear understanding of the
22 process that SFL Data employed in reaching its determination that the computers do not likely
23 contain relevant information. The Board Member Defendants assert that in the event this case is
24 remanded for trial, the parties have the right to access the original source of evidence for purposes of
25 rebuttal and impeachment. Therefore, they argue that Lord Abbett should not be allowed to dispose

---

[1] According to Lord Abbett, imaging the computers' hard drives is not an acceptable alternative due to its prohibitive cost.

of the computers until after the Ninth Circuit has ruled on its appeal and any trial has been completed.

## II. Discussion

As a preliminary matter, the parties contest whether the court has jurisdiction to consider their present dispute. Lord Abbett appealed the court's August 4, 2014 entry of final judgment, [Docket No. 294 (Notice of Appeal)], and the Board Member Defendants argue that jurisdiction over this matter now lies exclusively with the Ninth Circuit. Lord Abbett argues that this court retains jurisdiction over issues which are collateral to the determination of the merits of the case.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). The purpose of this rule "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id.* This rule "is a creature of judicial prudence, however, and is not absolute." *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983). The court is not divested of jurisdiction over matters collateral to a determination of the merits of the case. *See United States ex rel Shutt v. Cmty. Home & Health Care Servs., Inc.*, 550 F.3d 764, 766 (9th Cir. 2008) (factual issues are "collateral to the main action" when they involve a "factual inquiry distinct from one addressing the merits"); *Masalosalo*, 718 F.2d at 957 (district court retains power to award attorneys' fees after notice of appeal from decision on merits).

Here, resolution of the parties' dispute over preservation of the Windrush computers is collateral to the main action. The issue before this court does not relate to the merits of the lawsuit. It pertains solely to whether any party has a duty to continue to preserve the Windrush computers pending a potential trial on remand. Accordingly, this court retains jurisdiction over the dispute notwithstanding Lord Abbett's appeal.[2]

---

[2] The Board Member Defendants' citation to *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846 LHK, 2012 WL 1987042, at *1 (N.D. Cal. June 4, 2012) is misplaced. In *Apple*, the court addressed the jurisdiction of the trial court to adjudicate a Federal Rule of Civil Procedure 62(c) motion for preliminary injunction during the pendency of an appeal, where the preliminary injunction involved

Turning to the substance of the dispute, the court notes that it is well-settled that "'[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.'" *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012), *modified*, 888 F. Supp. 2d 976 (quoting *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)). The duty pertains to documents and information relevant to the claims or defenses of any party or prepared by individuals likely to have discoverable information. *Apple*, 881 F. Supp. 2d at 1137. Here, there has been no showing that the Windrush computers were ever used by likely custodians of relevant information. Instead, Lord Abbett contends, and the Board Member Defendants do not dispute, that the computers were used by students and teachers only. This case involves allegations of wrongdoing by Windrush School's Board Members and Stone & Youngberg; there has been no suggestion that students or teachers played a role in the events at issue. Accordingly, it appears there is no basis from which to reasonably conclude that the computers contain relevant evidence.

The Board Member Defendants' argument in support of ordering Lord Abbett to maintain the computers rests primarily on their contention that they do not understand whether and to what extent the computers were ever examined for relevant information, and that therefore the court should preserve the status quo in case they do contain relevant information. They argue that in the event that this matter is remanded for trial, the parties should have the right to access the "original source of specific pieces of evidence to analyze the metadata." (Joint Letter 6.) However, discovery in this case has long been closed. There is no indication that the Windrush computers contain any relevant information. The Board Member Defendants do not dispute that Lord Abbett has repeatedly offered to make the computers available for any party's inspection and examination, offers which they have declined. Nor does it appear that the Board Member Defendants undertook any efforts to obtain more information about the forensic review performed by SFL Data. In sum, the Board Member Defendants have had numerous opportunities to test their belief that the

---

an issue identical to that on appeal before the Federal Circuit.

computers may have evidentiary value, but have refused to act on them. Their current argument rests on speculation.

Federal Rule of Civil Procedure 26(b)(2) sets forth a proportionality principle which requires courts to limit the frequency or extent of discovery where it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). This district recognizes that the proportionality principle applies to the duty to preserve potential sources of evidence. *See, e.g.*, Guidelines for the Discovery of Electronically Stored Information, Guideline 1.03. The burden of requiring any party to continue to pay $500 per month to store the Windrush computers outweighs the likely benefit of maintaining the computers where there has been absolutely no showing that they contain relevant evidence.[3] Accordingly, the court grants permission to dispose of the Windrush computers.

### III. Conclusion

For the foregoing reasons, the court grants Lord Abbett's request for an order permitting disposal of the 159 Windrush computers.

IT IS SO ORDERED.

Dated: October 29, 2014



DONNA M. RYU
United States Magistrate Judge

---

[3] It is striking that the Board Member Defendants seek to preserve the computers, but at the same time have refused to continue to pay their fair share of the associated storage costs. The Board Member Defendants fail to discuss the possibility of either continuing to share the cost (thereby equitably spreading the burden of preservation), or taking on the entire cost of preservation, since they are the only parties who assert that the Windrush computers may contain relevant information.